### BRIDGET GALLARY *vs.* FRANCIS HOLLAND.

A complaint under the bastardy act may be made and tried in the county in which the child is begotten and the respondent resides, although the complainant resides and the child is born in another county.

A paper entitled the "voluntary complaint, examination and accusation" of a certain woman, charging a man with being the father of a child likely to be born a bastard, and stating when and where the child was begotten, sworn to by the complainant, is a sufficient complaint, examination and accusation under the bastardy act.

At the trial of a bastardy process, the complaint made before the magistrate is admissible in evidence.

At the trial of a bastardy process, evidence that the complainant, during her travail, charged the respondent with being the father of the child, is admissible.

At the trial of a bastardy process, an instruction by the judge to the jury, that the respondent is a competent witness in the case, and that the fact that he has not testified and denied the complainant's statement may be regarded by the jury as corroborative of the complainant's testimony, is no ground of exception.

COMPLAINT under the bastardy act, made on the 1st of April 1858 to a justice of the peace for the county of Middlesex. The complaint was entitled " The voluntary complaint, examination and accusation of Bridget Gallary, of Boston, in the county of Suffolk," alleged that she was pregnant of a child likely to be born a bastard, and accused the defendant, described as of Charlestown, " against whom she desires to institute. a prosecution, of being the father of said child, and that he did beget her with child in said county of Middlesex on or about the tenth day of October last at said Charlestown."

At the trial in the court of common pleas in Middlesex at June term 1858, before *Mellen*, C. J., it appeared that the complainant was delivered of the child at Boston in September 1858. The respondent objected that neither the justice of the peace nor the court of common pleas in Middlesex had jurisdiction of the case. But the judge overruled the objection.

The respondent further objected that there was no sufficient complaint, examination or accusation made before the magistrate. But this objection was also overruled.

The complainant offered in evidence the complaint and examination taken before the magistrate. The respondent objected

to its admission. But the court overruled the objection, and allowed it to be read to the jury.

The complainant called as a witness the physician who attended her in her travail, and asked him, " If at the time she accused any person of being the father of the child of which she was about to be delivered." The respondent objected to this evidence, but the court admitted it, and the witness answered that she accused the respondent.

The judge in his charge told the jury that the respondent (who was present) was a competent witness in the case, and that the fact that he had not testified and denied the statement of the complainant was a competent fact to be consid ered by the jury in corroboration of the complainant's testimony. The respondent, being found guilty, alleged exceptions.

*B. F. Butler & W. P. Webster,* for the respondent.

*F. F. Heard,* for the complainant.

DEWEY, J. 1. The proceedings in this case were properly commenced before a justice of the peace in the county of Middlesex, the defendant at that time residing in that county, and the allegation in the complaint being that the child was begotten in the county of Middlesex. The case of *Williams* v. *Campbell,* 3 Met. 209, fully sustains the jurisdiction, and this at a time when the character of such a prosecution, as being a civil process, was questionable. By the *St.* of 1851, *c.* 96, it is enacted that the proceedings in such prosecutions shall be according to the course of proceedings in civil cases, and tried at the civil terms. Such being the present state of the law, the case comes clearly within the provisions of Rev. Sts. *c.* 90, § 14, and authorizes the action to be brought in the county where either of the parties ives.

2. The complaint before the magistrate is a sufficient compliance with the requisition of the statute in that respect, and well authorized the subsequent proceedings against the respondent.

3. This accusation thus made by the complainant, being her accusation and examination preliminary to issuing the warrant for the arrest of the respondent, is by the Rev. Sts. *c.* 49, § 1, made evidence on the trial of the issue before the higher court.

4. The evidence of the attending physician as to her accusa-tion in the time of her travail, was also in conformity to the provisions of the same statute, § 3.

5. The remarks of the presiding judge, in his charge to the jury, as to the omission of the respondent, when present, to offer himself as a witness, and deny the truth of the allegations of the complainant, and that this was a fact that might be consid-ered by the jury in corroboration of the testimony of the com-plainant, furnish no ground for exceptions.

*Exceptions overruled*